| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Richard Alan Strickland, § 
§
            Plaintiffs, §
§
*versus* §     Civil Action H-11-04213
§
Michael J. Astrue §
§
            Defendants. §

## Opinion on Summary Judgment

1. *Introduction.*

    The question is whether substantial evidence supports the commissioner's decision that Richard Strickland is not disabled under the Social Security Act. It does.

2. *Standard of review.*

    Strickland brought this action for judicial review of the commissioner's final decision to deny his disability insurance benefits. *See* 42 U.S.C. § 405(g) (2005).

    Judicial review is limited to determining whether there is substantial evidence in the record to support the commissioner's decision. This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. U.S. Const. amend. V.

3. *Statutory Criteria.*

    The law has a five-step evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if he works for substantial gain. Second, a claimant is not disabled unless he has been medically impaired for at least twelve months. Third, a claimant

is not disabled unless his impairment meets or equals one listed in appendix 1 of the regulation. Fourth, if the commissioner has yet to make a determination, he will consider the effects of the claimant's impairments on his capacity to work. If the claimant is able to perform his past work, he is not disabled. Fifth, a claimant is not disabled if he can adjust to other work. 20 C.F.R. § 404.1520(a)(4) (2012).

4. *Evidence.*

   A. *Background.*

Strickland is a 35-year-old man who says that he suffers from gastrointestinal problems, orthostatic hypotension, vertigo, anxiety, panic disorder, major depression, and depersonalization disorder. He says his mental conditions impair his ability to make rational work-related decisions, concentrate, and interact normally with others. He also says that anxiety and spells of dizziness limit his ability to drive.

Strickland has a general education degree. He has worked as a utility locator, retail sales clerk, fence installer, furniture assembler, deck-restoration worker, and general laborer. When he applied for disability insurance benefits on March 2, 2010, he said that his disability had begun on July 28, 2009.

The administrative law judge concluded that Strickland could not perform any of his past work but could perform light, unskilled work in positions such as mail clerk, laundry press operator, office helper, and office cleaner, with limitations on work hours and heavy lifting.

   B. *Application.*

The administrative law judge properly found that Strickland was not disabled, correctly following procedure.

First, Strickland has not been gainfully employed. Second, Strickland has been impaired for more than twelve months. Third, none of Strickland's impairments met one listed. Fourth, the judge determined that Strickland would be unable to perform his past work because of his physical and mental limitations. Fifth, the judge considered the combined effects of Strickland's impairments and correctly concluded that he could adjust to another type of work.

To determine whether Strickland was disabled, the judge considered all of the evidence from 2009 to 2010. Strickland says he is unable to work because of his mental and physical impairments, yet there is evidence that he has not been entirely compliant in taking his

medications. Further, his description of his functional inabilities appears exaggerated when compared to the doctors' opinions in evidence. Lastly, although Strickland says he is unable to work, he reported that he regularly helps with yard work and chores, drives one to four miles three times per week, prepares meals, plays the guitar, surfs the internet, and watches television. Ample evidence in the record shows that despite some limitations, Strickland is still capable of performing light work to earn an income.

5.  Conclusion.

The commissioner's decision denying Richard Strickland's claim for disability insurance is supported by substantial evidence and will be affirmed. Strickland will take nothing from Michael J. Astrue.

Signed on October 22, 2012, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge